[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR DISMISSAL AS TO COUNTSFOUR AND NINE UNDER PRACTICE BOOK SEC. 302
The individual defendant, W. Michael McCulley, for purposes hereof the viable defendant for it is through his action that any link to be established to the defendant corporation's would have to flow, was engaged amongst other things in the business of mortgage broker. Apparently he offered various financial service amongst which was the search to find commercial lenders who would be willing to accommodate the needs of his customers, such as the plaintiff.
The plaintiff herein, Bonfanti Real Estate, is represented throughout these dealings by its principal William Bonfanti who was ultimately substituted as a plaintiff herein. The plaintiff is engaged in several business enterprises, mostly related to the ownership and management of property and from the evidence the court finds that he is a sophisticated and more than moderately successful real estate entrepreneur in central Middlesex County. To properly understand the flavor that perminates these transactions, it is concluded by the court from the evidence that Mr. Bonfanti came upon the autowash as a viable purchase for him, but only to the extent that he could consummate this sale without putting any money into the purchase price himself. He proposed to do this with a $600,000 first mortgage which he hoped to obtain ultimately from the Champion Mortgage Company in California with the assistance of the defendant and a second mortgage back to the sellers of the car wash. He talked with the defendant who made a survey of local lenders and determined that no banking or loaning institution locally would handle this transaction unless the plaintiff put in at least 25% of his own cash into purchase price. The court enunciates these findings with respect to the plaintiff and the transaction under scrutiny for the purpose of CT Page 4249 pointing out that the plaintiff undertook a high risk financial venture and at best only had high hopes that any loaning institution would undertake to finance this type of a venture without any of his own money going into it.
The sum total of the evidence leaves the court to conclude that this deal would have closed except for the fact that the Champion Mortgage Company, the perspective lender in California, filed a petition in bankruptcy and for that reason ultimately the deal fell through. There is no question that the plaintiff and the defendant had conversations and that the defendant, McCulley, felt that the plaintiff had a better than average change of consummating the transaction. The court concludes that this opinion representation by the defendant was not substantially relied upon by the plaintiff. The plaintiff toward the middle to the end of the negotiations took over direct contact of his own with the perspective lender and really made his own business decisions as to continue to make payments by way of fees or pre-loan charges, some of which were highly unusual, based upon his own considered business judgment and not based upon any representations made to him by the defendant. The proximate cause of the plaintiff's losses were the financial failure bankruptcy of the perspective lender in California and not any actions of the defendants herein. The court concludes from the evidence that in the course of his business the defendants supplied information to the plaintiff, some of which was in all probability false, at least that which was related to information supplied from which the plaintiff might have inferred that prior mortgage closing had been held between the Champion Mortgage Company and the defendants herein. This particular information concerning closing, this court concludes from the evidence would not provide for the guidance of the plaintiff because of his general background and the court concludes that the plaintiff did not justifiably rely on the this to his detriment and loss. The court finds that the plaintiff has failed in his burden of proof to establish said reliance by fair preponderance of the evidence and also to establish that the defendant failed to use reasonable care and competence in obtaining or communicating information to the plaintiff. The evidence fails to establish that the defendant, W. Michael McCulley, was negligent in making representations concerning Champion, the likelihood of the plaintiff obtaining a mortgage and his own skill and expertise as a mortgage broker such representations were false and known to be false by the defendant when they were made. CT Page 4250
It is a basic claim of the plaintiff herein that the defendant had a duty to independently investigate the financial liability of the prospective lender and that he failed in said duty. There is no evidence offered to indicate that such was the standard of the trade or business of the defendant. And then although it may be interesting speculation the claim of the defendant that the plaintiff failed to show that but for the financial condition of Champion the loan in question would have been approved it is a valid assertion. The evidence fails to establish that any of the statements claimed to have been made by the defendant were in fact the proximate cause of any pecuniary losses claimed by the plaintiff or the failure of the loan in question to close thereby allowing the plaintiff to consummate his contract.
Finally and of notable importance is that the sophistication of the plaintiff himself in connection with these financial undertakings and his voluntarily assumption of the leading role in the negotiations between himself and Champion substantially undermined the credibility of any claim by the plaintiff that he relied on representations of the defendants herein.
Accordingly, the defendant's motion of dismissal as to counts four and nine of the amended revised complaint are granted. Prior action of the court and the withdrawal of two counts by the plaintiff have disposed of all other counts of the pending complaint.
Accordingly judgment is hereby entered in favor of all defendants herein. It is so ordered.
HIGGINS, J.
Judgment enters in accordance with the foregoing Memorandum of Decision
Felicia Santostefano, Assistant Clerk